IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JULIAN KENNETH HARDIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 113-067 |
| | ) | (Formerly CR 111-365) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 9). The Magistrate Judge recommended granting Respondent's motion to dismiss Petitioner's motion filed pursuant to 28 U.S.C. § 2255, because the collateral attack waiver in Petitioner's written plea agreement was valid and Petitioner's guilty plea was knowing and voluntary. (Doc. no. 7.)

In his objections, Petitioner challenges the Magistrate Judge's analysis on several fronts, but only one merits further discussion. The Magistrate Judge concluded that Petitioner's ineffective assistance claim concerning his counsel's failure to pursue a direct appeal, after Petitioner requested he do so, did not undermine the validity of Petitioner's guilty plea or the collateral attack waiver, and was therefore barred by the collateral attack waiver (id. at 8-9). See Williams v. United States, 396 F.3d 1340, 1342 & n.2 (11th Cir. 2005) ("An ineffective assistance of counsel argument survives a waiver

of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002))). Petitioner argues that the Magistrate Judge's conclusion runs afoul of the holding in Gomez-Diaz v. United States, in which the Eleventh Circuit concluded that a § 2255 petitioner who entered into an appeal waiver did not have to show a meritorious ground for appeal in order to prevail on a claim that his counsel was ineffective for failing to file a notice of appeal when instructed to do so. 433 F.3d 788, 793-94 (11th Cir. 2005). However, the Magistrate Judge sufficiently discussed and distinguished this case in the R&R (doc. no. 7, p. 9 n.3), and this Court has previously held in similar circumstances that "upholding the collateral attack waiver does not run afoul of the holding in United States v. Gomez-Diaz . . . ." Marshall v. United States, No. CV 111-097, 2013 WL 772855, at *2 (S.D. Ga. Feb. 28, 2013).

The Court agrees with the Magistrate Judge's conclusion, which accords with its positions in Marshall and Jones v. United States, No. CV 111-102, 2011 WL 6327519, at *1 (S.D. Ga. Dec. 16, 2011). In Jones, the Court adopted the Magistrate Judge's recommendation that the petitioner's collateral attack waiver barred an ineffective assistance claim based on counsel's failure to consult about an appeal. 2011 WL 6327519, at *1. The Court granted a certificate of appealability ("COA") as to that issue, and the case is currently pending before the Eleventh Circuit. Jones v. United States, No. 12-10562 (11th Cir. Feb. 1, 2012).

The Court considered a similar issue in Marshall, adopting a recommendation that the petitioner's two ineffective assistance claims, based on his counsel's failure to properly consult about an appeal and failure to file an appeal after the petitioner requested

2

he do so, were barred by his collateral attack waiver. 2012 WL 7634207, at *8 *Report and Recommendation adopted by* 2013 WL 772855. Because Jones was pending before the Eleventh Circuit, and because there was non-binding authority from within the Southern District of Georgia potentially supporting the petitioner's argument that his claims were not barred by the collateral attack waiver,[1] the Court granted a COA as to "whether Petitioner's collateral attack waiver bars his § 2255 claim that his trial counsel provided ineffective assistance of counsel as a result of his actions related to pursuing a direct appeal." Marshall, 2013 WL 772855, at *2. The petitioner's appeal on this issue is also currently pending before the Eleventh Circuit. Marshall v. United States, No. 13-12059 (11th Cir. May 8, 2013).

The determinative question here is whether a collateral attack waiver, as opposed to an appeal waiver like the one at issue in Gomez-Diaz, bars Petitioner from collaterally attacking his conviction and sentence based on counsel's failure to file an appeal when instructed to do so. As stated by the Magistrate Judge in the R&R, such a claim does not call into question the validity of the collateral attack waiver or guilty plea, and is therefore barred by the collateral attack waiver. Williams, 396 F.3d at 1342 & n.2; see also United States v. Falcon-Sanchez, 416 F. App'x 728, 730-31 (10th Cir. 2011) (holding that ineffective assistance claim based on counsel's failure to file notice of appeal as instructed by petitioner was barred by collateral attack waiver because the claim "[did] not relate to the validity of the plea or the waiver"). Furthermore, the Court rejects Petitioner's contention that an evidentiary hearing is warranted as to this issue.

---

[1] See e.g., Simmons v. United States, No. CV 611-083, 2012 WL 1499469 (S.D. Ga. Apr. 23, 2012) (Edenfield, J.).

3

(Doc. no. 9, p. 2.) To the contrary, it is appropriate to dismiss his § 2255 motion without a hearing because, even assuming the truth of his allegations concerning his attorney's failure to file an appeal, the claim is nevertheless barred by the collateral attack waiver. See United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (reasoning that a waiver of the right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error").

The other arguments Petitioner raises in his objections, related to his actual innocence claim and the factual basis for his guilty plea, were thoroughly addressed and dismissed by the Magistrate Judge, and do not warrant departing from the conclusions in the R&R. Therefore, Petitioner's objections are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Accordingly, Respondent's motion to dismiss is **GRANTED** (doc. no. 3), and Petitioner's § 2255 motion is **DISMISSED**.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court must determine whether to issue a COA. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). As noted above, the Eleventh Circuit has not yet addressed the applicability of a collateral attack waiver with regard to a § 2255 claim that trial counsel provided ineffective assistance by failing to file—or to consult about filing—a direct appeal, although these

4

issues remain pending. See Marshall, No. 13-12059 (11th Cir. May 8, 2013); Jones, No. 12-10562 (11th Cir. Feb. 1, 2012). Accordingly, the Court **GRANTS** Petitioner a COA, which shall be limited to the issue of whether Petitioner's collateral attack waiver bars his § 2255 claim that his trial counsel provided ineffective assistance of counsel by failing to file a direct appeal after Petitioner requested he do so.

Upon the foregoing, this civil action shall be **CLOSED**.

SO ORDERED this 26th day of February, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA