IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 111-365 |
| | * | |
| JULIAN KENNETH HARDIN | * | |

O R D E R

On July 31, 2012, Defendant Julian Kenneth Hardin pled guilty to one count of manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1) and one count of possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(3). On December 6, 2012, Hardin was sentenced to 108 months' imprisonment, three years of supervised release, a fine of $15,000, and a $200 special assessment. Hardin is currently incarcerated at Federal Correctional Institution Petersburg Low in Hopewell, Virginia.

At sentencing, Hardin's offense level was enhanced by two levels under U.S.S.G. § 2D1.1(b)(1) because of the presence of a firearm.[1] Presently, Hardin complains that he is ineligible

---

[1] Specifically, Section 2D1.1(b)(1) provides for a two level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." The Presentence Investigation Report indicates that Hardin possessed 64 firearms (5 in the master bedroom, 4 in the living room, 11 in the den, 2 in the kitchen, 12 in a "work area" inside the residence, and 30 in an outside workshop) and 7,418 rounds of ammunition (various calibers located throughout the residence and workshop).

for a sentence reduction upon completion of the Residential Drug Abuse Program ("RDAP") under 18 U.S.C. § 3621(e) and its attendant regulations because of this sentencing enhancement.[2] Defendant has filed a motion pursuant to Federal Rule of Criminal Procedure 36 to "delete" the two point enhancement and amend the Judgment of Conviction in the case, referring to the enhancement as an "oversight." (See Doc. 100, at 2-3.)

Rule 36 allows a district court to correct a clerical error in a judgment or order. It may not be used "to make a substantive alteration to a criminal sentence" as requested by Hardin. See United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003); see also United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (Rule 36 gives a court "no jurisdiction to correct a defendant's sentence where the corrections are

---

Hardin did not object to the enhancement at sentencing. Moreover, Hardin's contention that the Court lacked evidence that he was involved in the "Armed Trafficking business" is immaterial.

[2] Section 3621(e) allows the Director of the Bureau of Prisons to grant a sentence reduction of up to one year upon the successful completion of the RDAP program, but the reduction is available only to an inmate convicted of a "nonviolent offense." See 18 U.S.C. § 3621(e)(2)(B). Section 3621 does not define "nonviolent offense" or establish any other criteria for determining eligibility for this reduction; rather, the Bureau of Prisons has promulgated regulations and policies to implement the statute. One such regulation excludes inmates who have a current felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm . . . ." 28 C.F.R. § 550.55(b)(5). As stated, Hardin has a current felony conviction for possession of firearms by a prohibited person; accordingly, Hardin would be ineligible for the sentence reduction on this basis regardless of the enhancement.

aimed at remedying errors of law rather than mere transcription.") Rather, to the extent that Hardin challenges his sentence, i.e., whether the two-level enhancement was applicable, such claim is a challenge to the legality of his sentence. As such, the claim is only cognizable as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Because Hardin has already filed a § 2255 motion, he must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3).

To the extent that Hardin contests the execution of his sentence of confinement by taking issue with the Bureau of Prisons' application of the early release provision, his complaint is cognizable under 28 U.S.C. § 2241. See, e.g., Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241."). A § 2241 petition must be filed in the district of confinement following exhaustion of administrative remedies. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Hardin is currently incarcerated in Petersburg, Virginia, which is in the Eastern District of Virginia. This Court is therefore without authority to review his claim as it relates to the Bureau of Prison's implementation and application of its internal

policies.

Upon the foregoing, Hardin's motion to change his Judgment of Conviction to modify the application of the guidelines (doc. 100) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___30th___ day of August, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA